# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

CHARLES SIZEMORE, :
:
    Plaintiff, :
:
vs. : 4:06-CV-149 (WLS)
:
CHASE MORTGAGE HOLDINGS, INC., :
ET. AL., :
:
    Defendants. :
_____

## ORDER

    Pending before the Court are various motions of the parties. Plaintiff has filed a motion to file an amended complaint (Doc. No. 18) and a motion to compel discovery. (Doc. No. 28). Defendants have filed two motions for a protective order (Doc. Nos. 21, 22) and a motion for summary judgment. (Doc. No. 32). Also pending is a joint motion to extend discovery and Plaintiff's motion to extend the time to respond to the motion for summary judgment based on newly discovered evidence. (Doc. No. 63).

    Plaintiff moves to amend his complaint to renew the demand for liquidated damages and correct other errors. (Doc. No. 18). Defendants have not filed a response to the motion. As pointed out by Plaintiff, the Federal Rules provide that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.Pro. 15(a). Further, the request for leave to amend was filed within the time period allowed by the Court's scheduling order. Accordingly, Plaintiff's motion to amend his complaint(Doc. No. 18) is **GRANTED.**

    The parties have moved for a joint protective order to govern confidential information disclosed during the discovery of this matter. (Doc. No. 21). Accordingly, the parties joint motion for a protective order (Doc. No. 21) is **GRANTED.**

    Defendant's motion for a protective order (Doc. No. 22) and Plaintiff's motion to compel (Doc. No. 28) deal with the permissible scope of discovery under the scheduling

order and the Federal Rules of Civil Procedure. Defendants have interposed various objections related to Plaintiff's request for discovery. The Court notes that the original discovery order (Doc. No. 17) was intended to limit discovery to any information related to the named Plaintiff and to initial class certification. In limiting discovery to the initial certification of the class, the Court intended for Defendants to provide the basic identifying loan information, to include, mortgagees, mortgagors, servicers or other related information that might be used to identify members of the potential class. As such, any objection by Defendants which in reality or by its nature that obviates the discovery of this basic information violates the spirit and the intent of the discovery/scheduling order. Defendants shall provide the basic identification of all loans to which they are a party of interest that were not canceled within 60 days of the loan payoff, to include the names of the borrowers, the date of the payoff, the date of the security deed cancellation and the relationship of the Defendants to the loan. Plaintiff's motion to seek said class information (Doc. No. 28) is **GRANTED.** Accordingly, to the extent that Plaintiff's motion to compel seeks additional information concerning class discovery as discussed above (Doc. No. 28), the motion to compel is **DENIED.** Likewise, to the extent that Plaintiff's discovery requests seek additional information outside of that necessary to determine the existence of a class, again as discussed above, Defendant's motion for a protective order (Doc. No. 22) is **GRANTED**.

Pending is Defendants' motion for summary judgment. (Doc. No. 32). Since the filing of the motion for summary judgment, Plaintiff's have moved to file supplemental briefing based on newly discovered evidence. (Doc. No. 63). Also, there is a motion to extend discovery as it relates to class certification until August 15, 2008. (Doc. No. 62). As the motion for summary judgment on Plaintiff's individual claim is key to the resolution of this case, it should be appropriately briefed. Accordingly, Defendants' motion for summary judgment (Doc. No. 32) is **DENIED without prejudice.** Discovery on Plaintiff's individual claim and class certification is therefore extended until August 15, 2008. Plaintiff's motion to file supplemental briefing (Doc. No. 63) is **DENIED without prejudice.** The parties'

joint motion to extend discovery (Doc. No. 62) is **GRANTED.** The parties shall filed their dispositive motion on class certification and Plaintiff's individual claim, **no later than Tuesday, August 26, 2008.** In other words, Defendants may re-file their motion for summary judgment on Plaintiff's individual claim at that time based on the complete limited discovery.

**SO ORDERED**, this   28th   day of March, 2008.

                                                /s/W. Louis Sands  
                                              **W. LOUIS SANDS, JUDGE**  
                                              **UNITED STATES DISTRICT COURT**